NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELISSA HALBACH and RUSSELL HALLBACH,<br><br>   Plaintiffs,<br><br>   v.<br><br>SHELLPOINT MORTGAGE SERVICING, *et al.*,<br><br>   Defendants. | Civil Action No. 25-14343 (RK) (JBD)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court upon Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing and Specialist Loan Servicing, LLC (together, "Defendants") letter to the Court requesting a pre-motion conference. (ECF No. 5.)

The Federal Rules of Civil Procedure permit any district judge to "regulate practice in any manner consistent with" federal law, federal rules, and the district's local rules. Fed. R. Civ. P. 83(b). As the parties are well aware, this Court has issued a list of Rules and Procedures in accordance with Rule 83, which are publicly listed on the District Court's website[1], and linked to the docket of every case, including this one. (*See* docket entry dated 08/08/2025.) Section I(A) of the Court's Rules and Procedures requires any party, before bringing a motion to dismiss, to submit a letter requesting a pre-motion conference. Rules and Procedures, the Hon. Robert Kirsch, U.S.D.J., at I(A). The Section then provides: "Within seven (7) days of the filing of this letter, the movant and all adversaries must meet and confer regarding the issues and substance of the movant's letter in an attempt to resolve some or all of the issues therein." *Id.* (emphasis in original).

---

[1] *See* https://www.njd.uscourts.gov/sites/njd/files/RulesAndProceduresRK.pdf

On August 29, 2025, Defendants filed a pre-motion letter in accordance with the Court's Rules and Procedures. (ECF No. 5.) However, despite apparent repeated attempts, Defendants' counsel has been unable meet and confer with Plaintiffs' counsel. Defendants counsel represents that he reached out to Plaintiffs' counsel on August 29, 2025, September 3, 2025, September 5, 2025, September 8, 2025, and September 10, 2025, to no avail. (*See* ECF No. 7.) It appears that Plaintiff has plainly failed to comply with the Court's directive to meet and confer.

Plaintiffs' counsel has displayed similar instances of non-compliance and failure to appear in other matters before this Court. *See, e.g.*, *Riad v. De Equine Veterinarians, P.A.*, No. 22-6927, docket entry dated 12/05/2023 ("Local counsel for plaintiff, Ibrahim Ahmed, Esq., failed to appear for the conference pursuant to the Court's 11/20/2023 text order."). Here, the Court assumes that Plaintiffs' failure to respond to Defendants' letter or comply with the meet and confer provision of the Court's Rules and Procedures means that the putative motion is unopposed.

Accordingly, **IT IS** on this 16th day of September, 2025,

**ORDERED** that within five (5) days, Plaintiffs' counsel shall submit a declaration, under the penalty of perjury, as to why he has failed to comply with the Court's Rules and Procedures; and it is further

**ORDERED** that if Plaintiffs' counsel does not submit said declaration within five (5) days, the Court will infer that the putative motion is unopposed.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

2